MADDOX, Justice.
James McConico, Jr., sued Richard H. Reese and Charles Sterne on January 14, 1986, for damages based on a fraud allegedly arising out of the sale of a used dwelling; the complaint was later amended to add a claim that Sterne fraudulently misled McConico by signing the sales contract although he was not an owner of the property-
Appellee Reese filed a motion with this Court to strike McConico’s appeal on the ground that McConico had failed to file a transcript of the evidence, as required by Rule 10(b), A.R.App.P. McConico attempted to file a statement of the evidence under Rule 10(d); however, Rule 10(d) applies only if a transcript is unavailable. A transcript was available in this case. We do not decide whether McConico’s appeal should be dismissed because of his failure to follow Rule 10, because even under the facts alleged in McConico’s statement of the evidence, as amended, it is clear that, as a matter of law, McConico did not file his lawsuit until after the statutory limitations period had run.
The case was tried before a jury, and during the plaintiff’s case there was introduced testimony that McConico had learned of the alleged defects in the house that were the basis of his suit on either January 9 or January 10, 1984, which was more than two years before he filed his suit. It *231 was on one of those two dates that McConi-co received the report of an engineer detailing the alleged defects. Based on this testimony, the defendants moved to amend their answer in order to assert the defense that the statute of limitations had run prior to the date on which the lawsuit was filed. The trial court granted that motion to amend and then directed verdicts for the defendants, holding that the limitations period had run.
McConico appeals, contending that the trial court erred in allowing the amendment to the answer and in directing verdicts for the defendants. The statutory period of limitations for fraud actions does not begin to run until the fraud is discovered. Ala. Code 1975, § 6-2-3; Bank of Red Bay v. King, 482 So.2d 274 (Ala.1985). On the date that McConico was put on notice of any alleged fraud, either January 9 or January 10, 1984, the statute of limitations allowed one year to file a fraud action. Ala.Code 1975, § 6-2-39. That section was repealed, however, effective January 9, 1985, and the cause of action covered by it was transferred to § 6-2-38, which allows a two-year limitations period. In his pleadings, McConico alleged that he had not discovered the alleged fraud until sometime in March 1985; however, the testimony at trial clearly showed that McConico became aware of the alleged defects on either January 9 or January 10,1984. He did not file his lawsuit until January 14, 1986; thus his complaint was barred even under the two-year statute of limitations.-
After carefully examining the record and the briefs, we cannot say that the trial judge abused his discretion in allowing the defendants to amend their answer to conform to the evidence presented at trial and in directing verdicts for the defendants; therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.